UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| *In Re Ex Parte* Application of Nippon Carbide Industries Co., Inc. for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. _____ |

### SUBPOENA DUCES TECUM

TO:   Custodian of Records
      3M Company.
      2345 Rice Street
      Suite 230
      Roseville, MN 55113–5603

**TAKE NOTICE:** By authority of 28 U.S.C. § 1782(a), and upon application for subpoena made by Nippon Carbide Industries Co., Inc.,

**YOU ARE HEREBY ORDERED** to produce at the offices of Messerli Kramer, 100 South 5th Street, Minneapolis, Minnesota, at 9 a.m. on Monday, May 15, 2023, or at such other time and place agreed on, all of the documents and things in your possession, custody or control that are listed and described in Attachment 1 hereto. Such production will be for the purpose of inspection and copying, as desired.

If production of any document listed and described in Attachment 1 hereto is withheld on the basis of a claim of privilege, each withheld document shall be separately identified in a privileged document list. The privileged document list must identify each document separately, specifying for each document at least: (1) the date; (2) author(s)/sender(s); (3) recipient(s), including copy recipients; and (4) general subject matter of the document. The sender(s) and recipient(s) shall be identified by position and entity (corporation or firm, etc.) with which they are employed or associated. If any sender or the recipient is an attorney or a foreign patent agent,

2783270.v1



he or she shall be so identified. The type of privilege claimed must also be stated, together with a certification that all elements of the claimed privilege have been met and have not been waived with respect to each document.

Any motion to limit or quash this subpoena shall be filed within fourteen (14) days after the receipt hereof.

**MESSERLI & KRAMER P.A.**

Dated: April 24, 2023

By: /s/*Kevin D. Hofman*
Kevin D. Hofman #179978
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402
(612) 672-3600
khofman@messerlikramer.com

*Attorneys for Applicant Nippon Carbide Industries Co., Inc.*

# ATTACHMENT 1

## DEFINITIONS

1. "3M," "you," or "your" means 3M Company as well as its predecessors, parents, subsidiaries, affiliates, divisions, departments, officers, directors, employees, owners, shareholders, attorneys, accountants, agents, consultants, and other persons acting or purporting to act on its behalf.

2. "3M Japan Products" means 3M Japan Products Ltd. as well as its predecessors, parents, subsidiaries, affiliates, divisions, departments, officers, directors, employees, owners, shareholders, attorneys, accountants, agents, consultants, and other persons acting or purporting to act on its behalf.

3. "3M Deutschland" means 3M Deutschland GmbH . as well as its predecessors, parents, subsidiaries, affiliates, divisions, departments, officers, directors, employees, owners, shareholders, attorneys, accountants, agents, consultants, and other persons acting or purporting to act on its behalf.

4. "Raw Prism Sheet Rolls" means raw prism sheet rolls, also known as "Jumbo Rolls" or "Jumbo Film Rolls", that have a printed pattern with staggered printed lines, with each staggered printed line having an area of $0.15$ mm$^2$ to $30$ mm$^2$, as depicted in the diagram below:



Staggered printed lines each having an area of $0.15$ mm$^2$ to $30$ mm$^2$

132469-00000001/6829944.1
2783270.v1

5. "Document(s)" shall be construed in its broadest possible sense to include, without limitation, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form. A draft, marked-up, annotated, translated, or otherwise non-identical copy is a separate "document" within the meaning of this term.

6. "Concerning" means relating to, referring to, describing, evidencing, constituting, involving, or in any way logically or factually connected to the subject of the request.

7. The words "each", "any," and "all" shall mean "each and every" as well as "any one."

8. The words "and," "and/or," and "or" shall each be deemed to refer to both their conjunctive and disjunctive meanings.

9. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. All documents shall be produced in the manner, form, and position in which they are kept in the ordinary course of business, including, where applicable, any index tabs, file covers, folders, envelopes, labels, file dividers, directories, or designations.

2. All documents that are responsive, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures thereto.

3. Unless otherwise agreed, all electronic documents shall be produced as text searchable, properly unitized, multi-page TIFF images, with standard Concordance data files. All documents that cannot be legibly copied or converted to TIFF images shall be produced in native form. When producing any document in machine readable form, the means for

reading the machine-readable document shall also be produced, including any software, hardware, or other equipment or apparatus required for that purpose.

4. In response to each request, you shall state whether any material has been or will be redacted from documents. You also shall state the bases for the redaction. Redactions should be clearly indicated at each location in a document where a redaction was made.

5. If you have any good faith objection to any request, you shall state your objection with particularity, you shall state whether the objection applies to the entire request or only to a part thereof, and you shall respond to the request subject to your objection (*e.g.,* in accordance with the scope or meaning that you would deem unobjectionable).

6. If you withhold any responsive information or document, in whole or in part, on the grounds of attorney-client privilege, work product immunity, or any other privilege or doctrine, you shall, at the time of making such assertion, identify:

   a. the nature of the privilege or doctrine that is being asserted;

   b. for documents, (i) the type of document (*e.g.*, letter, memorandum, spreadsheet, email), (ii) the general subject matter of the document, (iii) the date(s) on which the document was prepared and transmitted, (iv) the author of the document, (v) if applicable, the sender and all recipients of the document or a copy thereof, (vi) where not apparent, the relationship of the author, sender, and recipients to each other, and (vii) any and all attachments or enclosures appurtenant to the document; and

   c. for oral communications, (i) the means by which the communication was made (*e.g.*, in person, telephone, video conference), (ii) the general subject matter of the communication, (iii) the names of all participants to the communication, (iv) the date and place of the communication, (v) the names of all other persons privy to the

communication or present when the communication was made, and (vi) where not apparent, the relationship of the participants to the communication to each another and to any other persons privy to the communication or present when the communication was made.

7. These requests are of continuing effect, and to the extent that at any time after responding to them, the recipient of this subpoena locates, generates, or acquires additional documents responsive to these requests, such documents shall be promptly produced.

## DOCUMENTS REQUESTED

1. Documents sufficient to show the number of the Raw Prism Sheet Rolls You sold to 3M Japan Products for resale or for use in the manufacturing of 3930 Series, 2930 Series, and/or PX8470 Series products, per year, from January 1, 2010 to the present.

2. Documents sufficient to show the quantity of the Raw Prism Sheet Rolls, in square meters, You sold to 3M Japan Products for resale or for use in the manufacturing of 3930 Series, 2930 Series, and/or PX8470 Series products, per year, from January 1, 2010 to the present.

3. Documents to sufficient to show the amounts, per year, You charged 3M Japan Products for the Raw Prism Sheet Rolls You sold to 3M Japan Products for resale or for use in the manufacturing of 3930 Series, 2930 Series, and/or PX8470 Series products, from January 1, 2010 to the present.

4. Documents sufficient to show the number of the Raw Prism Sheet Rolls You sold to 3M Deutschland for use in the manufacturing of High Intensity Prismatic Reflective Sheeting 3930 Series products, per year, from October 1, 2006 to the present.

5. Documents sufficient to show the quantity of the Raw Prism Sheet Rolls, in square meters, You sold to 3M Deutschland for use in the manufacturing of High Intensity Prismatic Reflective Sheeting 3930 Series products, per year, from October 1, 2006 to the present.

6. Documents to sufficient to show the amounts, per year, You charged 3M Deutschland for the Raw Prism Sheet Rolls You sold to 3M Deutschland for use in the manufacturing of High Intensity Prismatic Reflective Sheeting 3930 Series products, from October 1, 2006 to the present.

132469-00000001/6829944.1
2783270.v1