UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

NIPPON CARBIDE INDUSTRIES CO., INC., )
)
          Applicant, )
)
v. )    Case No.:
)
3M Company, )
)
          Respondent. )
)

## DECLARATION OF CHRISTIAN HOLGER FOLZ IN SUPPORT OF *EX PARTE* APPLICATION TO CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. § 1782

I, Christian Holger Folz, declare:

1. I am an attorney licensed to practice law in Germany and am a partner with the law firm Hoffman Eitle, counsel for Applicant NIPPON CARBIDE INDUSTRIES CO., INC. ("Nippon Carbide") in its litigation against 3M Deutschland GmbH in Germany regarding the determination of damages, pending in the first instance before the Regional Court Mannheim, docket no. 7 O 64/22. I submit this declaration in support of Nippon Carbide's Application to Conduct Discovery Pursuant to 28 U.S.C. § 1782.

2. I have personal knowledge of the facts set forth below, with the exception of those matters stated on information and belief, and as to those matters I believe them to be true. If called upon to testify, I could and would testify as follows:

3. I have been a practicing attorney in Germany for 30 years, and have 24 years of experience in patent litigation.

4. Nippon Carbide brought suit against 3M Deutschland in Germany for patent infringement. While the issue of infringement was decided in Nippon Carbide's favor, the parties

- 1 -

are still litigating the issue of damages.  An action to determine damages in these proceedings is pending before the Regional Court Mannheim, and a hearing before that Court is scheduled for October 13, 2023.

5.    Attached hereto as **Exhibit 1** is a true and correct copy of the November 9, 2022 Judgment of the Higher Regional Court Karlsruhe, which was issued in Nippon Carbide's suit against 3M Deutschland.

6.    Because 3M is not a party to the German proceeding, Nippon Carbide is unable to obtain information from 3M directly in that proceeding.

7.    Sales data, like the type of data Nippon Carbide seeks through this Application, is also discoverable in Germany, and this Application is therefore not an attempt to circumvent proof-gathering restrictions or other policies applicable in German courts.  Moreover, there is no general restriction on the collection of documents from abroad, and it is my opinion as an attorney familiar with the German legal system that the German courts would admit this information in the proceeding against 3M Deutschland.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this **20th** day of April, 2023, at Munich, Germany.

*C. H. Folz*

Christian H. Folz

- 2 -

132469-00000001/6839111.1

**EXHIBIT 1**
CASE 0:23-mc-00043-LIB    Doc. 2    Filed 04/24/23    Page 3 of 26



HOFFMANN EITLE

Translation of the Judgment of the Higher Regional Court Karlsruhe, as pronounced on 9 November 2022

HE File:          146 089 / nlj

Court Docket:
<u>6 U 116/19</u>
2 O 12/19 Regional Court Mannheim

Higher Regional Court Karlsruhe

SIXTH CIVIL PANEL

## IN THE NAME OF THE PEOPLE

## Judgment

In the lawsuit of

**Nippon Carbide Industries Co. Inc.** of Tokyo 108-8466, Japan,
- Plaintiff and Appellant -

<u>Attorneys of Record:</u>

Attorneys at Law **Hoffmann Eitle Patent- und Rechtsanwälte PartmbB**, Arabellastrasse 30, 81925 Munich, Germany, file no.: 146 089 z2/p7/csc

*versus*

**3M Deutschland GmbH**, represented by the managing directors Heinrich Brands, Dirk Lange, Oliver Leick und Jens Milde, Carl-Schurz-Strasse 1, 41453 Neuss, Germany,
- Defendant and Respondent -

<u>Attorneys of Record:</u>

Attorneys at Law **Krieger Mes & Graf v. der Groeben**, Bennigsenplatz 1, 40474 Dusseldorf, Germany, file no.: 80/19

on the grounds of issuance of a declaration in lieu of an oath

following the hearing of 9 November 2022, the Sixth Civil Panel of the Higher Regional Court Karlsruhe, composed of the Presiding Judge at the Higher Regional Court Voß, the Judge at the Regional Court Stihler and the Judge at the Higher Regional Court Prof. Dr. Singer, held:

1. Upon Plaintiff's appeal, the judgment of the Regional Court Mannheim of 24 September 2019 – court docket: 2 U 12/19 – is reversed as regards costs and, apart from that, amended as follows:

   > Defendant is ordered to have one of its legal representatives declare in lieu of an oath in the prescribed statutory form before the competent District Court that, in the Briefs of its Attorneys of Record of 9 May 2019 and 23 August 2019, it complied with its obligation to provide information and render accounts according to section III of the operative part of the judgment of the Regional Court Mannheim of 24 January 2012 – court docket: 2 O 63/11 – as fully and correctly as it was able.

2. Defendant is to bear the costs of the lawsuit.

3. The Judgment is provisionally enforceable.

   Defendant may avert enforcement of the declaration in lieu of an oath by Plaintiff by posting a security amounting to EUR 10,000 and otherwise amounting to 110 % of the amount to be enforced on the basis of the judgment if Plaintiff does not provide a security amounting to EUR 10,000 and otherwise a security amounting to 110 % of the respective amount to be enforced prior to enforcement of the declaration in lieu of an oath.

4. An appeal on a point of law is not permitted.

# Decision

The value in dispute for the appeal proceedings is fixed at EUR 25,000.00.

# Grounds:

I.

Plaintiff requests that Defendant, who has been ordered with final and binding effect to provide information and render accounts on the grounds of patent infringement, declare in lieu of an oath that the information and rendering of accounts already provided is complete and correct.

The background to the present lawsuit is a patent infringement dispute between the parties that has been resolved with final and binding effect. Upon Plaintiff's legal action on the grounds of patent infringement, handled under the court docket 2 O 63/11, the Chamber in its judgment of 24 January 2012 ordered Defendant to comply, *inter alia*, with the following:

"III. Defendant is ordered to render without delay to Plaintiff an accounting regarding the extent of the acts described in section I [of the cited judgment] committed since 27 January 2007 by submitting a listing specifying:

1. the quantity of received or ordered products as well as the names and addresses of the manufacturers and suppliers,
2. the individual deliveries, specified according to delivery amounts, delivery times and delivery prices as well as the names and addresses of purchasers, including the sales outlets for which the products were intended,
3. the individual offers, specified according to quantities offered, offer periods, offer prices as well as the names and addresses of the recipients of offers,
4. the advertising activities, specified according to advertising media, their distribution amount, dates of distribution and territory of distribution,
5. the production and distribution costs, specified according to the individual cost factors, as well as the profits earned, where
   - Defendant is to submit with regard to the information regarding III.1 and III.2 order forms, receipts and invoices, each in copy,
   - Defendant retains the right to communicate the names and addresses of its non-commercial purchasers and recipients of offers, instead of to Plaintiff to a certified accountant who is to be named by Plaintiff, is domiciled in the Federal Republic of Germany and obliged to maintain secrecy vis-à-vis Plaintiff, provided that Defendant defrays the costs thereof and authorizes and obliges said

accountant to communicate to Plaintiff, upon a specific request, whether a certain purchaser or recipient of offers is contained in the accounting."

The acts regarding section 1. of the cited judgment are designated as follows:

"[...] offering, placing on the market and/or using and/or importing or possessing for said purposes retroreflective sheetings having the following features:

- a printed layer
- a reflective element layer made up of a large number of reflective elements and a holding body layer
- a surface protective layer
- said printed layer is formed of a discrete repetitive pattern of unit patterns
- the unit patterns each have an area of 0.15 mm² to 30 mm²
- the printed layer is between the holding body layer and said surface protective layer
- said surface protective layer is provided on said reflective element layer

[Claim 1 of EP 1193511 B1]

In response to Plaintiff's first request for rendering of accounts of 1 March 2012, Defendant sent a letter dated 30 March 2012 (Exhibit HE-ZV-II 2) with a rendering of accounts including approximately 282 pages, which concerned approximately 33,000 individual transactions relating to the sales of patent-infringing white sheetings. Since the rendering of accounts was insufficient in Plaintiff's opinion, Plaintiff on 5 April 2012 filed a request for a coercive fine to be set by the Court in order to enforce a complete rendering of accounts. Plaintiff substantiated this request by stating that, *inter alia*, Defendant refused to provide information on colored sheetings that also infringed the patent. Moreover, it criticized the complete lack of information on foreign deliveries. In addition, Plaintiff objected that the list of production costs could not be verified. Defendant opposed the request for coercive means with the Brief dated 8 May 2012.

Before that Defendant had sent Plaintiff on 20 April 2012 (Exhibit HE-ZV-II 3) 15 folders with copies of invoices that were supposed to make the previously summarized rendering of accounts plausible. Furthermore, Defendant was of the opinion that it was not obliged to render accounts regarding colored sheetings since these were not in dispute. In addition, Defendant was of the opinion that the foreign deliveries to exclusively group-related,

associate companies did not constitute any placing on the market under patent law and therefore the requirements as to the provision of information and rendering of accounts did not apply to these.

After the German part of the patent at issue had been declared null and void in its entirety by the first-instance decision of the Federal Patent Court of 27 September 2012, Plaintiff, who at the same time filed an appeal against this decision, declared its consent to postpone the decision on its request for coercive means until there was a decision of the Higher Regional Court Karlsruhe in the appeal proceedings against the cited decision of the Chamber.

After the first-instance decision of the Federal Patent Court had been set aside by the Federal Court of Justice and Debtor's appeal against the judgment of the Regional Court had been dismissed by the judgment of the Higher Regional Court Karlsruhe, Plaintiff requested with its Brief dated 12 July 2017 that the coercive means proceedings be continued.

In response to this, Defendant provided additional information in its Briefs dated 7 September 2017 (Exhibit HE-ZV-II 5) and 22 February 2018 (Exhibit HE-ZV-II 6). After the Higher Regional Court Karlsruhe had expressed in the appeal instance that colored sheetings (yellow, red, blue and green) were also comprised by the operative part of the Chamber's judgment, Defendant in its Brief dated 7 July 2017 for the first time provided information on its sales activities with colored sheetings, insofar as deliveries to Germany were concerned (Exhibit S 8, submitted during the execution proceedings 2 O 63/11 - ZV I). In addition, it submitted an overview as Exhibit S 10 in the execution proceedings, from which an assignment of customer numbers to the respective purchasers of the sheetings was supposed to be apparent. This was supposed to enable Plaintiff to assign any submitted invoice documents in which the customer name was missing to the respective delivery. Beyond that, Defendant maintained its opinion as previously expressed, namely that it had fulfilled its requirements as to the provision of information and rendering of accounts. Defendant did not see any obligations under the law to provide further information with regard to a more detailed specification of the production costs or intra-group foreign deliveries.

With the Brief dated 22 February 2018, Defendant made it clear that all of the sheetings had been supplied by the parent company in the USA in a quantity of 4% above the quantity sold by Defendant.

With the decision dated 20 July 2018 – court docket: 2 O 63/11 ZV I – (Exhibit HE-ZV-II 1), the Chamber imposed a coercive fine to the amount of EUR 10,000 on Defendant and justified this in particular by stating that Defendant had to specify information on intra-group foreign deliveries and specify the production costs in a detailed and comprehensible manner in order to enable Plaintiff to calculate, and not merely estimate, its damage. In addition, the Chamber stated that Plaintiff had fully accepted Defendant's information on the advertising carried out.

Defendant filed an immediate appeal against the coercive fine decision. However, with the rendering of accounts of 9 May 2019 (Exhibit HE-ZV- II 7) Defendant for the first time provided the information on the intra-group deliveries and more detailed information on the production costs as requested by Plaintiff, albeit without giving up its legal standpoint. In addition, it combined all previous information in this rendering of accounts and designated the previous statements to be obsolete.

After this was objected to by Plaintiff, Defendant supplemented the information on the advertising carried out within the relevant period in the Brief dated 23 August 2019 (Exhibit E/S 17 NEU in the execution proceedings). This was done in view of the fact that in response to the rendering of accounts of May 2019, Plaintiff for the first time criticized that information as to the scope of advertising with technical datasheets/product sheets of the patent-infringing sheetings and the availability thereof on the Internet was lacking. Plaintiff had been aware of the product sheets since as early as 2011. These had been filed by Plaintiff itself in the previous patent infringement dispute. In the present proceedings, Plaintiff accepted the most recently provided information of 9 May 2019 and 23 August 2019 as fulfilling its claims to information and rendering of accounts as stipulated in the judgment, while in the ongoing execution proceedings it was still of the opinion that the information provided was incomplete.

Plaintiff asserted that there was reason to assume that the information included in the renderings of accounts of 9 May 2019 and 23 August 2019 was not provided with due care. Plaintiff argued that this was in particular the result of the fact that Defendant provided the rendering of accounts "bit by bit". It was argued that over a period of more than seven years, Defendant rendered accounts in a fragmentary manner and continually supplemented the previous information. According to Plaintiff, this fact alone justified the assumption that Defendant did not provide the most recent information with due care. However, an established incorrectness was not a condition for the issuance of a declaration in lieu of an oath. In addition, Plaintiff argued that the rendering of accounts of May 2019

was incorrect, which also gave rise to the suspicion that Defendant did not prepare this with due care. For example, two credit notes, which were based on invoices from 2006 and thus pertained to the time before the period for which information was to be provided, were wrongly deducted from the calculation of turnover in 2007. It was argued that it had to be assumed that there were several such incidents. Moreover, the rendering of accounts of May 2019 lacked information on the advertising with technical information carried out on the Internet. Plaintiff argued that, furthermore, the now obsolete renderings of accounts from 2012 and 2017 and 2018 were also erroneous, which was to be used as an indication for the assumption that the rendering of accounts was again prepared without due care. It was argued that information on intra-group deliveries and a more detailed specification of the production costs were missing throughout. It was argued that the information and rendering of accounts of March 2012 moreover showed large intervals, which made it difficult to read. In addition, it did not contain any subtotals. There was also a lack of information on the advertising carried out. Plaintiff argued that the documents of the rendering of accounts of 20 April 2012 were sorted differently than in the brief version submitted previously. Some invoices did not include the first pages and thus the addressees. It was argued that the rendering of accounts of 7 September 2017 in particular did not contain information on the purchase prices of the colored sheetings, the quantities delivered or advertising. With the rendering of accounts of 22 February 2018, Defendant made it clear that all of the sheetings had been supplied by the parent company in the USA in a quantity of 4% above the quantity sold by Defendant. However, according to Plaintiff, it was still unclear which quantities had been delivered by which supplier.

After having withdrawn the legal action with regard to Defendant's Attorneys of Record's Briefs of 30 March 2012, 20 April 2012, 7 September 2017 and 22 August 2018, which were originally also included, Plaintiff most recently requested

> that Defendant be ordered to have one of its legal representatives declare in lieu of an oath in the prescribed statutory form before the competent District Court that, in the Briefs of its Attorneys of Record of 9 May 2019 and 23 August 2019, it complied with its obligation to provide information and render accounts according to section III of the operative part of the judgment of the Regional Court Mannheim of 24 January 2012 – court docket 2 O 63/11 – as fully and correctly as it was able.

Defendant requested

> that the legal action be dismissed.

Defendant asserted that the legal action is inadmissible and in any case unjustified. Defendant argued that Plaintiff wrongly filed a request for issuance of a declaration in lieu of an oath in the execution proceedings having the court docket 2 O 63/11 ZV I. According to Defendant, this did not constitute the filing of a legal action. Defendant asserted that it is not possible to reinterpret the request as a legal action. In any case, Defendant was not validly served with a possible Complaint. The Attorney of Record in the execution proceedings was not the authorized recipient with regard to a new lawsuit. Moreover, Defendant argued that a blocking effect of the ongoing execution proceedings had to be assumed. As long as the scope of the obligation to provide information and render accounts had not yet been established, there was no claim to the issuance of a declaration in lieu of an oath.

Defendant argued that the request was also unjustified. With regard to the most recently provided information from 2019, Plaintiff did not identify any circumstances that could give rise to the concern of incompleteness due to a lack of care on the part of Defendant. The credit notes based on invoices from 2006 were correctly considered in the rendering of accounts for 2007 since the actual accounting transaction did not take place before that year. Defendant argued that where Plaintiff criticized for the first time following the rendering of accounts of May 2019 that the information on advertising was incomplete since information on the scope of advertising carried out with product sheets available on the Internet had not been provided, this also could not justify the accusation of careless provision of information. The reason for this is that even though Plaintiff was aware of corresponding product descriptions, it accepted as conclusive the previously provided information on the advertising measures taken. Defendant argued that even after an examination period of several months, Plaintiff did not identify any further (alleged) deficiencies of the current rendering of accounts, which could give rise to the suspicion of lack of care.

Defendant argued that the previously provided information also did not allow any conclusions to be drawn as to a lack of care in the preparation of the solely relevant renderings of accounts from 2019. Defendant argued that it had never denied that there had been deliveries of colored sheetings or intra-group deliveries. Moreover, Defendant never contested that it could provide more detailed information on the production costs. However, it correctly took the view that it was not legally obliged to provide such information. Accordingly, immediately after the Higher Regional Court Karlsruhe established that colored patent-infringing sheetings were also comprised by the order issued by the Regional Court Mannheim, Defendant provided information thereon, without Plaintiff ever

questioning the correctness of these specifications. The fact that it provided information on the more detailed specification of the production costs and the intra-group deliveries for the first time in the present proceedings also did not justify the conclusion that information was provided without due care. Also in this respect, the previous refusal was based on different legal views. Defendant argued that where Plaintiff criticized with regard to the first rendering of accounts that subtotals were missing, this was obviously irrelevant since the totals had not been contested. With regard to the second rendering of accounts, a systematic error in the sorting of the documents was disputed. The fact that there may be individual inaccuracies in approximately 33,000 copies of documents cannot suggest a breach of due care, according to Defendant.

The Regional Court dismissed the legal action, and reference is made in detail to the factual findings and grounds of the Regional Court. According to the Regional Court, Plaintiff was not entitled to the asserted claim to issuance of a declaration in lieu of an oath since there were no sufficient indications that the information and rendering of accounts provided on 9 May 2019, supplemented by that of 23 August 2019, could be incomplete or incorrect due to a lack of care. The Regional Court was of the opinion that the legal action was admissible. The Regional Court laid out that Plaintiff's request initially made in the execution proceedings could also be reinterpreted into a legal action. According to the Regional Court, the Complaint was validly served on Defendant. The Regional Court further set out that it did not need to be addressed whether the Complaint had been validly served in that the present Attorney of Record received it and signed an acknowledgment of receipt on 6 February 2019 since a possible lack of service had in any case been remedied pursuant to Sec. 189 German Code of Civil Procedure. The Regional Court gave as reason for this that, by letter dated 13 February 2019, the Attorney of Record announced that he would be representing Defendant in the newly pending lawsuit, which was also clearly apparent as a new lawsuit. Contrary to Defendant's view, the pending execution proceedings did not have a "blocking effect", according to the Regional Court. What was correct, in the Regional Court's view, was that the claim to issuance of a declaration in lieu of an oath could only then arise when the claim to information had been (completely) fulfilled. The Regional Court further stated that this was also assumed by Defendant and that Plaintiff in the present lawsuit finally agreed with this assessment with regard to the information of 9 May 2019, supplemented by the information of 23 August 2019. According to the Regional Court, it was decisive that the claim to information was formally fulfilled; if there were incorrectnesses as regards content, the information creditor may be entitled to a claim pursuant to Sec. 259 (2) German Civil Code. The Regional Court also set out that Plaintiff was not prevented from filing this request by the pending execution proceedings. According

to the Regional Court, the fact that Plaintiff still opposed the assumption that the claim to information had been fulfilled there in the context of Defendant's appeal pending at the Panel did not prevent Plaintiff, however, from simultaneously taking the view (quasi as an auxiliary measure) in the present proceedings that fulfillment had occurred. The Regional Court further stated that the conclusion of the execution proceedings was irrelevant for the question of whether the claim pursuant to Sec. 259 (2) German Civil Code had already been substantiated by the specifications provided in order to fulfill the obligation to provide information. According to the Regional Court, Plaintiff had a legitimate interest in filing a complaint even before conclusion of the execution proceedings. The Regional Court gave as reason for this that, should Plaintiff succeed with the execution proceedings, Plaintiff had a legitimate interest in promptly asserting the claim to issuance of a declaration in lieu of an oath, which was independent of the performance of execution proceedings. The Regional Court did not deem the filing of the legal action to be contrary to the principles of good faith either.

However, according to the Regional Court, the legal action was unfounded. The Regional Court found no reason to assume that the information from 2019 had not been provided with due care. What was decisive in this regard was the obligor's overall conduct. According to the Regional Court, Plaintiff, who had the burden of substantiation and proof, had not submitted any sufficient indications that could justify the suspicion of lack of care. The objections raised with regard to the information and rendering of accounts of 9 May 2019, supplemented by the information of 23 August 2019, were not deemed convincing by the Regional Court. In the view of the Regional Court, Plaintiff could not show any incompleteness or incorrectness. As regards the two credit notes included in the rendering of accounts of 9 May 2019 as objected to by Plaintiff, Defendant stated that the two accounting transactions that were based on invoices from 2006 were actually carried out in 2007 and therefore could be considered in a manner reducing turnover in the rendering of accounts for that year. The Regional Court further stated that the underlying invoices from the year 2006 can also be found there. Plaintiff no longer opposed this in the hearing. Plaintiff's general assertion that it can be assumed that Defendant wrongly deducted further credit notes was not convincing in the opinion of the Regional Court. According to the Regional Court, the disputed submission was neither substantiated nor proved. The Regional Court also set out that the fact that, in response to the corresponding objection raised by Plaintiff, Defendant for the first time provided information regarding advertising measures on the Internet with product sheets containing technical information of the patent-infringing products with the rendering of accounts of 23 August 2019 did not justify the assumption of lack of care. Even if one were to assume that these were advertising

measures which must essentially be indicated and not descriptions of a technical nature regarding which no information needed to be provided, Defendant could assume – until Plaintiff's objection – that Plaintiff did not require this information. According to the Regional Court, it was undisputedly submitted by Defendant and also established by the Chamber in the execution proceedings that Plaintiff, who was aware of the existence of the product sheets, accepted the already provided information regarding the advertising with patent-infringing sheetings as conclusive. Furthermore, the Regional Court set out that Defendant's conduct prior to the provision of information in May and August 2019 also did not justify the assumption that these were incomplete and/or incorrect owing to a lack of care.

In the opinion of the Regional Court, Plaintiff's assumption that several corrections and/or supplementations of information already provided basically justified the suspicion that the provision of information was performed with a lack of care. However, according to the Regional Court, this suspicion did not apply with regard to the information that had initially been recognizably and deliberately refused and was then provided for the first time in respect of the colored sheetings, the more detailed information on the production costs and the intra-group deliveries. The Regional Court stated that Defendant did not correct or supplement the information, but took the incorrect legal view that it did not have to provide certain information at all, without disputing that there were actual transactions that would have to be indicated in the case of an assumed obligation to provide information. According to the Regional Court, this conduct can – as was the case here – justify the imposition of a coercive fine. However, the Regional Court set out that, without any further indications, this did not lead to the assumption that the information and rendering of accounts provided for the first time after the Defendant abandoned its previous refusal had not been prepared with due care.

According to the Regional Court, Plaintiff did not raise any specific objections in the present proceedings with regard to the information on intra-group movements of goods and more detailed production costs included in the rendering of accounts of May 2019. Plaintiff's objections as to the previously provided information were not convincing either, in the opinion of the Regional Court, and accordingly did not justify the conclusion that the information from the year 2019 had (also) been prepared without due care. The Regional Court further stated that the objections raised by Plaintiff regarding the first rendering of accounts of 30 March 2012, i.e. the intervals, which make it difficult to read, and the lack of subtotals, did not justify the suspicion of lack of care. According to the Regional Court, the correctness of the indicated totals had not been contested. Plaintiff's objection as to the

completely missing information on the advertising carried out had been contested by Defendant and was incomprehensible to the Regional Court. According to Exhibit HE-ZV-II, Defendant provided information on advertising measures that were not subsequently questioned by Plaintiff in terms of content. The Regional Court set out that Defendant also submitted that it provided information on the products ordered from its sole supplier, i.e. the parent company in the USA. According to the Regional Court, Plaintiff did not oppose this by submitting specific facts. With regard to the copies sent on 20 April 2012, Plaintiff also did not submit any facts that could justify the assumption that the information from 2019 was prepared without due care, in the view of the Regional Court. Defendant disputed Plaintiff's assertion that the submitted copies of invoices were submitted without any recognizable order and that the first pages of many invoices were missing, and Plaintiff did not render its submission more precise by an offer to provide evidence. Given the undisputed number of approximately 33,000 submitted documents, individual inaccuracies did not justify the accusation of general carelessness. According to the Regional Court, Defendant moreover submitted, and this was not contested, that Plaintiff did not assert any errors as to content even after an additional overview was transmitted, using which each document could be assigned to a transaction of the overview of 30 March 2012. Furthermore, the Regional Court set out that the objections to the rendering of accounts from 2017 did not justify the asserted claim. Plaintiff's submission – i.e. that, with respect to the (colored) sheetings, information on the advertising carried out as well as on the products received and ordered was missing – was disputed by Defendant who argued that corresponding information had been provided and accepted by Plaintiff, which was in line with the findings of the Chamber in the execution proceedings. The Regional Court further stated that Plaintiff opposed this without providing proof thereof. The same was true of the assertion made by Plaintiff that the rendering of accounts of 7 September 2017 did not contain information on the offers submitted. According to the Regional Court, Defendant contested this and stated that it had conclusively announced as early as in 2012 that Defendant had not performed any acts of offering. The Regional Court set out that Plaintiff did not oppose this. Moreover, Plaintiff did not submit any indication to suggest that this information was incorrect in substance. Finally, the Regional Court stated that the objections raised against the rendering of accounts of 20 February 2018 did not make the legal action successful either. Plaintiff ultimately repeated its previous objections and only additionally asserted that (probably with respect to the entirety of the information previously provided) the required overall consideration of the information and renderings of accounts provided was missing. According to the Regional Court, the latter objection was correct with respect to the time of February 2018. However, as the only indication, this could not justify the assumption that the most recently provided information from 2019,

which was undoubtedly compiled in an overall information, was prepared without due care. According to the Regional Court, Defendant rather submitted that in addition to the new information on the production costs and intra-group deliveries, it included all of the previously provided information in the rendering of accounts of May 2019 in unchanged form. The Regional Court set out that Plaintiff did not oppose this. Plaintiff failed to identify any deviations in content from the information previously provided which might justify the accusation of lack of care. In view of this, the fact that Defendant did not provide a uniform rendering of accounts until 2019 can justify the imposition of a coercive fine, but did not result in a claim to issuance of a declaration in lieu of an oath with respect to the summarizing rendering of accounts provided (for the first time), in the opinion of the Regional Court.

Plaintiff's appeal, which continues to pursue its request made in the first instance, is directed against the rejection of the legal action. In Plaintiff's opinion, when correctly applying Sec. 259 German Civil Code, the Regional Court would have had to realize that the only conclusion to be drawn – in view of the in total eightfold subsequent amendment of the original rendering of accounts of Defendant of 30 March 2012 with the Briefs of 20 April 2012, 8 May 2012, 9 May 2012, 7 September 2017, 22 February 2018, 16 October 2018, 9 May 2019 and 23 August 2019, and in view of further details submitted by Plaintiff – is that there is reason to doubt that Defendant complied with its obligation to render accounts with due diligence. Regarding the details of Defendant's individual attempts at rendering of accounts, Plaintiff requests that the appeal proceedings with the court docket 6 W 31/19 be considered. Plaintiff argues that – contrary to the opinion of the Regional Court – (incorrect) information that is complete in the end does not automatically lead to settlement of the proceedings regarding the issuance of a declaration in lieu of an oath, but is in fact a requirement for the claim to issuance thereof. According to Plaintiff, only when the statement is finally complete can Defendant declare in lieu of an oath that this information was provided with due diligence. Plaintiff sets forth that the repeated, subsequent amendment of an original provision of information alone is sufficient to substantiate the claim to the issuance of a declaration in lieu of an oath (Federal Court of Justice, judgment of 1 December 1983, court docket: IX ZR 41/83). According to Plaintiff, it is in line with the prevailing opinion in case law and literature that the lack of due diligence must be assumed in particular if the information was corrected or amended several times. Plaintiff states that the shortcomings of the past and also of the present information and rendering of accounts in the lawsuit are not only based on different legal opinions of the parties Rather, Plaintiff argues that the eightfold amendment demonstrates the lack of diligence on behalf of Defendant not only with regard to the original information and rendering of accounts, but

at least also with regard to the first further amendments made in the course of the first instance of the coercive means proceedings. It is further stated by Plaintiff that, despite the pressure of the coercive means proceedings, Defendant still recognizably used "salami tactics". As regards the individual rendering of accounts and Plaintiff's submission, reference is made to the Grounds for the Appeal.

After expiry of the time limit for the Grounds for the Appeal, Plaintiff asserts with the Brief of 29 May 2020 that the rendering of accounts is still insufficient. Plaintiff sets forth that it is not able to ascertain, using the data presented by Defendant, which of the alleged cost items is part of those costs which a patent infringer may legally deduct when ascertaining the infringer's profit. With the Brief of 16 May 2022, Plaintiff explains that it already criticized the insufficient breakdown of the costs in the Complaint. Plaintiff criticizes that regarding a major part of the cost items stated by Defendant in the rendering of accounts it is impossible to assess whether these are deductible due to a lack of specification and subdivision. Thus, Plaintiff considers the rendering of accounts to be incomplete and assumes that Defendant did not use the due diligence necessary in the rendering of accounts and the eightfold subsequent amendment. According to Plaintiff, it is to be considered that Plaintiff in any case has justified reason to fear that Defendant could have attempted to conceal the scope of its infringing acts by incorrect or incomplete information. Owing to the inevitable disparity in knowledge, even the mere suspicion of incorrectness and lack of diligence is sufficient to substantiate the asserted claim to issuance of the declaration in lieu of an oath, in Plaintiff's opinion. Plaintiff could not be instructed to simply accept statements, the truthfulness of which cannot be verified. According to Plaintiff, Defendant did not provide any indications that could serve for verifying or ensuring plausibility of the costs stated by Defendant. In particular the costs designated as "other costs" by Defendant, which are divided into seven items (machine costs, personnel costs, license fees, transport costs, direct distribution costs, costs for early payment discounts and product-related operating costs (Hilden)), are not sufficiently specified, in Plaintiff's view. Plaintiff argues that the deductibility cannot be assessed and that the rendering of accounts is therefore erroneous. It is set forth by Plaintiff that substantiation has to be provided by means of documents and the objection that it is not (any longer) possible for the infringer to specify and attribute the costs is essentially irrelevant. With the mere assertion in its letter dated 9 May 2019 (Exhibit HE-ZV II-7) that the costs were incurred proportionately with regard to the infringing products, Defendant failed to comply with this obligation, in Plaintiff's opinion. Plaintiff thus did not even have any indications that could assess the plausibility of Defendant's assertion. According to Plaintiff, this information is not sufficient

to assess whether these costs would not have been incurred in the (fictitious) production site.

Plaintiff also states that the claim to issuance of a declaration in lieu of an oath, once it has arisen, does not cease to exist if the information is supplemented after the claim to issuance of a declaration in lieu of an oath has arisen (Higher Regional Court Hamburg, judgment of 26 May 2005, court docket: 3 U 91/04) and that Defendant's offer in its letter of 19 March 2012 to engage a certified accountant was only made to avoid that all copies of invoices in their entirety have to be transmitted to Plaintiff. Plaintiff insisted that all copies of invoices be transmitted and Defendant never repeated its offer.

Plaintiff requests

> that the contested judgment be set aside and Defendant be ordered to have one of its legal representatives declare in lieu of an oath in the prescribed statutory form before the competent District Court that, in the Briefs of its Attorneys of Record of 9 May 2019 and 23 August 2019, it complied with its obligation to provide information and render accounts according to section III of the operative part of the judgment of the Regional Court Mannheim of 24 January 2012 – court docket 2 O 63/11 – as fully and correctly as it was able.

Defendant requests

> that the appeal by Plaintiff be rejected.

Defendant defends the contested decision by repeating and rendering more precise its first-instance arguments. According to Defendant, what is to be assessed is merely the provided information and rendering of accounts of 9 May 2019, as supplemented on 23 August 2019. Defendant argues that there would have to be indications that precisely said information could be incomplete or incorrect due to a lack of diligence. Information provided previously is not decisive, in Defendant's opinion. Defendant further sets forth that, both in the parallel coercive fine proceedings and in the present proceedings for issuance of a declaration in lieu of an oath, Plaintiff merely criticized that the provided information is incomplete. According to Defendant, it was laid out in detail in the first instance how the staggered rendering of accounts and the deviating legal opinion of Defendant regarding the statements on colored sheetings, the production costs as well as intra-group deliveries had come about. Defendant states that no objections were raised against the accuracy of the

information. After the decision to impose a coercive fine had been issued, Defendant decided to provide information on all items in dispute. According to Defendant, it was not asserted [by Plaintiff] that this was incomplete and/or incorrect. In Defendant's view, the legal action is inadmissible since it pursues improper motives and supplementation of the information cannot be achieved with the present proceedings. According to Defendant, the repeated subsequent amendment does not indicate that the information is incorrect and/or incomplete. In any case, Defendant explained this plausibly. Defendant further argues that Plaintiff has the burden of substantiation and proof for the suspicion that the information is incorrect. Even though this is no longer decisive, Defendant cannot be reproached with a lack of due diligence either. According to Defendant, the information was supplement due to certain events, namely after decisions disadvantageous to Defendant had been issued in view of the scope of the obligation to provide information as defined in the operative part of the judgment. Defendant argues that withholding certain information until it has been clarified whether said information is comprised by the operative part of the judgment could not constitute a violation of the duty of due diligence.

After the Grounds for the Appeal, Plaintiff asserted for the first time that Defendant's information provided on 9 May 2019, as supplemented on 23 August 2019, which is solely to be assessed here, was not sufficiently specified regarding the stated costs and profit. According to Defendant, a specification of the production costs for all 393x films (white and colored), further directly attributable costs including distribution costs as well as the profit-and-loss accounts for the years 2007 to 2012 are included in Exhibits S 15 and S 16 of the rendering of accounts. With the Brief of 3 December 2019 in the enforcement appeal proceedings (court docket: 6 W 31/19), Plaintiff explicitly declared with regard to the information in dispute here that "on behalf of Enforcement Creditor, it is stated that the information, as far as recognizable for Enforcement Creditor, now appears to be basically complete as a result of the supplement made by Enforcement Debtor in the Brief dated 23 August 2019" (Exhibit L). Defendant further argues that Plaintiff thus declared the coercive fine (appeal) proceedings (court docket: 6 W 31/19) resolved before the Panel. Thus, Plaintiff may not contradict this in the present proceedings. Accordingly, Plaintiff merely criticized absent information on Internet advertising and systematic errors with regard to two credit notes. In Defendant's view, the new submission is not to be admitted. According to Defendant, it is obvious that the alleged deficiencies regarding the provision of information do not exist.

Finally, Defendant sets forth (Brief of 24 October 2022) that, in view of the legal action lodged by Plaintiff in April 2022 regarding the amount of damages, the present proceedings

constitute harassment since Plaintiff obviously did not need assurance regarding the information by means of a declaration in lieu of an oath. Inasmuch as Plaintiff objects that it criticized the lacking specification of costs, this is irrelevant – in Defendant's opinion – since the former rendering of accounts has been outdated by the letter of 9 May 2019. Defendant further argues that the supplementary statements had never been disputed and the present attacks are therefore late. According to the operative part of the judgment, a submission of documents in particular regarding the production costs and distribution costs is not required. In Defendant's opinion, the question of deductibility is to be clarified in the proceedings regarding the amount of damages, the present proceedings are "the wrong place" to deal with this issue. Defendant also complied with the requirements regarding the statement of production costs (cf. Higher Regional Court Dusseldorf, decision of 20 April 1998, court docket: 2 W 12/98, margin nos. 5 and 6) in excess of its obligations, as explained in particular with regard to the machine costs, personnel costs, license fees, transport costs, direct distribution costs, costs for early payment discounts and product-related operating costs, by providing evidence in this respect. Defendant further sets forth that Plaintiff has not shown that the supplemented information is incorrect or incomplete. According to Defendant, the fact that information had originally been withheld does not substantiate the suspicion of incorrectness or lack of due diligence. In Defendant's view, it was in its justified and legitimate interest to obtain legal clarity which of the sensitive business information has to be communicated.

Reference is made to the Briefs, including Exhibits, exchanged between the parties as well as the minutes of the hearing before the Panel on 9 November 2022.

II.

Plaintiff's admissible appeal is well-founded.

Plaintiff correctly asserts that, pursuant to Sec. 259 (2) German Civil Code, it is entitled to a claim for issuance of a declaration in lieu of an oath regarding the provided information of 9 May 2019, as supplemented on 23 August 2019. Upon Plaintiff's appeal, the Judgment of the Regional Court which dismissed the legal action is therefore to be amended and the legal action is to be decided in Plaintiff's favor. Due to the previous seven incomplete approaches by Defendant to render accounts, there is the suspicion that the finally provided information and rendering of accounts is incomplete. The fact that previously Defendant repeatedly provided information and rendered accounts that were incomplete is based on the fact that there were not made with the due diligence since Defendant could and should

have recognized from the beginning which statements are comprised by the operative part of the judgment regarding the provision of information and rendering of accounts. This substantiates the assumption that the finally provided information of 9 May 2019, as supplemented with the letter of 23 August 2019, which is suspected of being incomplete, was again not made with due diligence. Inasmuch as the Regional Court deemed the legal action to be admissible, reference is made to the correct statements of the Regional Court. Plaintiff did not contest said statements with the appeal, and the Panel shares the opinion given therein.

1.  Pursuant to Sec. 259 (2) German Civil Code, Plaintiff is entitled to the asserted claim for issuance of a declaration in lieu of an oath regarding the information stated in the request.

a)  If there is reason to assume that statements as to the revenues included in an accounting have not been made with due care, the obligor shall, if requested, declare in lieu of an oath pursuant to Sec. 259 (2) German Civil Code that, to the best of his knowledge, he stated the revenues as completely as he was able. In this regard, the law merely focuses on the incomplete statements regarding revenues. This is based on the fact that, as a rule, the obligor only puts himself at a disadvantage by stating incomplete expenses. However, Sec. 259 (2) German Civil Code is also to be applied – beyond its wording – to statements regarding expenses if the entitled party also has an interest in the complete rendering of accounts regarding expenses (Krüger in "*MünchKomm.BGB*", 8th edition, Sec. 259, margin no. 38). This is the case in particular with regard to a party obliged to pay damages on the grounds of IP right infringement (cf. Federal Court of Justice, "*Dampffrisierstab II*" judgment of 3 July 1984, court docket: X ZR 34/83, as published in Juris, margin no. 14). Thus, a condition for a claim to issuance of a declaration in lieu of an oath is, firstly, the obligation to render accounts and, secondly, the suspicion that the accounts provided by the debtor are incomplete and, finally, that this based on a lack of diligence of the obligor when rendering accounts. The reason for the suspicion does not necessarily have to be derived from the accounts and its annexes as such, but may also result from other facts (Bittner/Kolbe in Staudinger, "*BGB*", revised edition 2019, Sec. 259, margin no. 36). Pursuant to the case law, a reason to assume a violation of due diligence is as a rule given if information has been repeatedly supplemented or corrected – even if grounds are provided for this (Higher Regional Court Hamburg, judgment of 26 May 2005, court docket: 3 U 91/04, as published in Juris, margin no. 38 *et seqq.*), if implausible explanations are given as to why further information cannot be given (Higher Regional Court Cologne, judgment of 24 January 1997, court docket: 6 U 91/96), if the provision of information is continuously

denied without entitlement and the party obliged to provide information takes an effort not to disclose the true facts, if contradictory statements are made in the course of providing information (Federal Court of Justice, judgment "*Cartier-Armreif*" of 24 March 1994, court docket: I ZR 42/93, as published in Juris, margin no. 34), or if information is repeatedly provided that is more or less incorrect, incomplete or imprecise in its entirety (Regional Court Dusseldorf, judgment of 24 July 2008, court docket: 4a O 183/07). These substantive reasons for suspicion are to be substantiated and proven by the plaintiff requesting issuance of a declaration in lieu of an oath (Higher Regional Court Dusseldorf, decision of 8 August 2013, court docket: I-2 U 8/13, as published in Juris, margin no. 48). Pursuant to Sec. 259 (3) German Civil Code, there is no obligation for issuance of a declaration in lieu of an oath in matters of minor significance.

The Regional Court unjustly dismissed the legal action by applying these parameters. Pursuant to Sec. 529 (1), no. 1, German Code of Civil Procedure, the hearing and the decision of the appeal court have to be based on the facts determined by the first-instance court, unless specific indications give rise to doubts as to the accuracy or completeness of the findings which were of relevance to the decision and a new determination of facts is therefore required and, pursuant to no. 2, on new facts inasmuch as their consideration is admissible.

   b)  It is undisputed that Defendant is obliged to provide information and render accounts vis-à-vis Plaintiff, and that this obligation was also laid down in the operative part of the judgment of the Regional Court Mannheim of 24 January 2012.

   c)  There is the suspicion that the information / rendering of accounts of 9 May 2019, as supplemented by the statements of 23 August 2019, are incomplete.

   aa) It can be left undecided whether it is apparent from the rendering of accounts of 9 May 2019, as supplemented by the statements of 23 August 2019, that they are incomplete. Plaintiff's criticism in the appeal instance with the Brief of 29 May 2020 stating that the rendering of accounts is still incomplete, which was disputed by Defendant, is unsubstantiated, and the substantiation – provided for the first time [by Plaintiff] with the Brief dated 16 May 2022 – regarding the submission regarding the machine costs, personnel costs, license fees, transport costs, direct distribution costs, costs for early payment discounts and product-related operating costs (Hilden), which was disputed by Defendant, may have to be dismissed as new submission since the conditions of Sec. 531 (2) German Code of Civil Procedure are not met. However, even if the submission were to be admitted,

it would have to be considered that Plaintiff cannot be heard in this regard. The reason for this is that Plaintiff explicitly declared with the Brief of 3 December 2019 in the enforcement appeal proceedings (court docket: 6 W 31/19) that the information, as far as recognizable for Enforcement Creditor, now appears to be basically complete as a result of the supplement made by Enforcement Debtor in the Brief dated 23 August 2019 (Exhibit L). However, Plaintiff cannot again raise objections against the provided rendering of accounts with respect to recognizable deficiencies such as those asserted by Plaintiff regarding the distribution of costs to patent-infringing products.

bb) However, in view of the overall behavior of Defendant due to the previously provided information, which undisputedly had gaps and was thus incomplete and therefore incorrect, the suspicion arises that the information and rendering of accounts of 9 May 2019, as supplemented with the letter of 23 August 2019, are incomplete as well. Certainty as to the incorrectness is not necessary, it is sufficient that Plaintiff, who has the burden of substantiation and proof, shows facts giving rise to a suspicion in this regard. Contrary to the opinion of the Regional Court, this is the case here.

The information and rendering of accounts of 9 May 2019 and 23 August 2019 now deemed to be final by Defendant were preceded by a first rendering of accounts of 30 March 2012, a supplementary rendering of accounts of 20 April 2012, a third rendering of accounts of 8 May 2012 as well as a fourth rendering of accounts of 9 May 2012. Only with the (fifth) rendering of accounts of 7 September 2017, Defendant provided invoices and lists for sheetings in other colors than white. In the sixth rendering of accounts of 22 February 2018, further information was provided, and in the seventh rendering of accounts of 16 October 2018 during the execution proceedings, Defendant communicated details regarding deliveries to other companies within the group in Europe, in the Middle East and in Africa. Only with the information (of May 2019) now to be confirmed with a declaration in lieu of an oath, Defendant made new statements – according to the uncontested findings of the Regional Court – regarding intra-group deliveries as well as new statements regarding production costs and, with the supplementary information of 23 August 2019, statements regarding specific advertising measures. Before the rendering of accounts now deemed to be final and solely valid by Defendant, Defendant provided incomplete information seven times and rendered accounts that were incomplete and thus incorrect. According to the findings of the Regional Court, it can be assumed in this regard that Defendant made new statements deviating from those it had previously designated as complete (Judgment of the Regional Court, page 16, third paragraph). However, as correctly established by the Regional Court, Defendant had taken the incorrect legal standpoint that it did not have to provide

certain information at all. For example, Defendant only provided information on white sheetings and not on colored sheetings, gave no information on intra-group deliveries and no comprehensive statements regarding production costs. While Defendant did not conceal that such transactions existed, it took the (incorrect) standpoint that it did not have to provide information in this regard.

The Regional Court assumed that, after Defendant had abandoned its refusal, it could not be concluded – without further indications – on the basis of the previous information provided in May and August 2019 that the information and rendering of accounts now provided had not been prepared with due care [i.e. and would thus be incomplete] (Judgment of the Regional Court, page 16, third paragraph). This cannot be agreed with. The constant, unjustified refusal of a debtor to render accounts in the past (Bittner/Kolbe in Staudinger, "*BGB*", revised edition 2019, Sec. 259, margin no. 36, with further references) and/or the attempt to avoid rendering of accounts (Higher Regional Court Frankfurt, judgment of 16 September 1992, court docket: 17 U 152/91) substantiate the suspicion that the information now provided has gaps as well. Although the information repeatedly supplemented with statements that had previously been withheld can be explained with the attitude of refusal, the suspicion remains that this attitude has not been completely abandoned with the most recent rendering of accounts, but is in part continued in the rendering of accounts, which has so far not been recognized by Plaintiff. The fact that Defendant repeatedly had to rectify its statements due to the previous gaps therefore leads to the suspicion, in the present dispute, that the information and rendering of accounts provided now are also incomplete. The corrections include the concession that errors were made in the rendering of accounts and the extent of what has been provided therefore fell short of the obligation set out in the order issued by the Court. To eliminate the suspicion that the new information is also incomplete in this respect, it has to be explained why a correction was made. It is not sufficient to merely abandon the attitude of refusal regarding the aspects addressed by Plaintiff under the pressure of execution. The reason for this is that this does not preclude that said refusal is continued somewhere else where Plaintiff has not been able to recognize it.

If information was incomplete and there would have been a claim to issuance of a declaration in lieu of an oath regarding said information, this does not automatically mean that such a claim also exists with regard to the information now provided. Plaintiff incorrectly asserts that it is evident from the case law of the higher courts that, once a claim to issuance of a declaration in lieu of an oath has arisen due to repeated corrections of information, said claim does not become void by the amendment. Inasmuch as Plaintiff

refers to the judgment of the Higher Regional Court Hamburg of 26 May 2005 (court docket: court docket: 3 U 91/04, as published in Juris, margin no. 40), that chamber stated in the grounds (as published in Juris, margin no. 39) that the previously provided information had obviously been incomplete and the defendant already supplemented and corrected these statements during the first-instance proceedings, and certain circumstances had simply been absent due to an oversight. This clarifies that the Higher Regional Court Hamburg does not conclude in each case of corrected information that the later information is incorrect and that this accordingly constitutes a violation of due diligence. Correspondingly, the Higher Regional Court Hamburg also stated in the judgment of 22 April 2004 (court docket: 3 U 240/01, as published in Juris, margin nos. 100 to 103) that the overall behavior of the debtor is decisive and assumed in those proceedings that the debtor failed to sufficiently refute the circumstances having led to a correction.

However, the correction of information can substantiate the suspicion that the most recently provided information is also incomplete and was not compiled with due diligence. This will as a rule be the case if information was repeatedly provided that is more or less incorrect, incomplete or imprecise in its entirety (Higher Regional Court Dusseldorf, decision of 8 August 2013, court docket: I-2 U 8/13, as published in Juris, margin no. 48; Regional Court Dusseldorf, judgment of 24 July 2008, court docket: 4a O 183/07; Bittner/Kolbe in Staudinger, "*BGB*", revised edition 2019, Sec. 259, margin no. 36; Krüger in "*MünchKomm.BGB*", 8th edition, Sec. 259, margin no. 39; Lorenz in: Bamberger/Roth/Hau/Poseck, "*BGB*", 4th edition, Sec. 259, margin no. 26). This is the case here. The reason for this is that Defendant explained the gaps in the renderings of accounts by arguing that it was not obliged to provide information in this regard. However, Defendant only abandoned this view under the pressure of coercive means proceedings, and provided the information little by little in individual steps and explained further facts. The plurality of steps in the rendering of accounts clarify that, despite being adjudged, Defendant refused without justification to include further facts in its provision of information and rendering of accounts. Due to the refusal in the past, there is the justified suspicion that Defendant still has not fully rendered accounts despite its obligation and that Plaintiff cannot recognize this by means of the previously rendered accounts. By making Plaintiff wait until the eighth rendering of accounts supplemented by the ninth rendering of accounts, Defendant gave rise to the suspicion that the ninth rendering of accounts does not include all facts either.

In this context, the assumption of suspicion of incomplete rendering of accounts is not barred by the fact that Plaintiff declared in the execution (appeal) proceedings that the

information, as far as recognizable, now appears to be basically complete as a result of the supplement made by Enforcement Debtor in the Brief dated 23 August 2019. It is true that – if it is established at the time of the final hearing regarding the legal action for issuance of a declaration in lieu of an oath that the accounts are correct and complete – the declaration in lieu of an oath can no longer be requested even if the suspicion of incompleteness of the accounts was previously justified (Bittner/Kolbe in Staudinger, "*BGB*", revised edition 2019, Sec. 259, margin no. 37). However, this is not established on the basis of the above statement. This statement solely relates to gaps apparent to Plaintiff from the rendering of accounts. Even after Plaintiff's statement, it is not established whether Defendant left other gaps which are not directly apparent from the rendering of accounts. In view of the extensive refusal in the past, there is no reason to assume that the matter is of minor significance or that there is a minor incompleteness (Sec. 259 (3) German Civil Code).

   d)   The suspicion of incompleteness is based on a lack of due diligence by Defendant.

The decision regarding the individual case is to be taken on the basis of the specific circumstances of the individual case (Kühnen, "*Handbuch der Patentverletzung*", 14th edition, Chapter H, margin no. 291). In this regard, it is to be considered in particular how comprehensive the rendering of accounts to be performed is since the risk of making errors will inevitably increase with the amount of data to be processed even if serious efforts are made (Kühnen, *loc. cit.*). In the present dispute, however, the multiple gaps in the rendering of accounts were not due to the amount of data or periods dating back long ago, but to the fact that Defendant took the erroneous standpoint that it did not have to render accounts regarding certain circumstances. However, Defendant could and should have recognized from the beginning that the information it initially refused to disclose and the rendering of accounts regarding colored sheetings, foreign transactions, etc. are comprised by the obligation to provide information and render accounts laid down in the operative part of the judgment. Defendant cannot successfully argue that coercive fines had to be imposed for Defendant to be able to recognize this. Inasmuch as Defendant invokes that the supplementation of the original information was understandable and was not based on a lack of diligence on behalf of Defendant, but on different legal opinions regarding the scope and extent of the obligation to render accounts laid down in the operative part of the judgment, this cannot be agreed with. While Defendant openly described its legal opinion and did not conceal the lacking information regarding these facts, it cannot invoke sufficient diligence on these grounds. The fact that Defendant interpreted the scope and extent of the obligation to render accounts laid down in the operative part of the judgment more narrowly than was in fact the case, is precisely based on its lack of diligence.

Upon Plaintiff's appeal, the Judgment of the Regional Court is therefore to be amended to the effect that Defendant has to confirm its statements with a declaration in lieu of an oath pursuant to Sec. 259 (2) German Civil Code.

2.   The decision on costs is based on Sec. 91 (1), sentence 1, German Code of Civil Procedure, and the decision on the provisional enforceability is based on Sec. 708, no. 10, and Sec. 711 German Code of Civil Procedure. The order for issuance of a declaration in lieu of an oath is provisionally enforceable as well (Zöller/Seibel, "*ZPO*", 34th edition, Sec. 889, margin no. 1). Declarations in lieu of an oath are factual statements and are thus not comprised by Sec. 894 German Code of Civil Procedure (Zöller/Seibel, "*ZPO*", 34th edition, Sec. 894, margin no. 2). Although the Panel deems it to be rather unlikely that the grievance required for an admissible appeal will be achieved, this is not beyond doubt within the meaning of Sec. 713 German Code of Civil Procedure. It is not appropriate to admit an appeal on a point of law (Sec. 543 (2) German Code of Civil Procedure). The legal matter is not of fundamental significance, and admitting an appeal on a point of law is not necessary for the further development of the law or in order to safeguard consistent case law. What is at issue here is an assessment of Defendant's overall behavior in this individual case.

|  |  |  |
|:---:|:---:|:---:|
| Voß | Stihler | Prof. Dr. Singer |
| Presiding Judge | Judge | Judge |
| at the Higher Regional Court | at the Regional Court | at the Higher Regional Court |